IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL MARINO, | : | Civil No. 1:23-cv-00516 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| LSCI ALLENWOOD WARDEN R. THOMPSON, | : | |
| | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Paul Marino ("Petitioner"). Petitioner is alleging that the Bureau of Prisons ("BOP") has erred in determining that his prior offense was a crime of violence resulting in him being ineligible for the Elderly Offender Home Detention Pilot Program ("EOHDP") under the First Step Act ("FSA"). (Doc. 1.) For the reasons set forth below, the court will dismiss the habeas petition.

### PROCEDURAL HISTORY

Petitioner is serving a 33-month sentence for the offense of felon in possession of ammunition. (Doc. 7-1, p. 4.)[1] He is currently housed at the United States Penitentiary in the Low Security Correctional Institution Allenwood ("LCSI-Allenwood") in White Deer, Pennsylvania. Petitioner initiated this action by filing a § 2241 petition in March of 2023 seeking a determination that his prior

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

1

offense no longer be categorized as a crime of violence so he could be eligible for immediate release to home detention. (Doc. 1.) The court entered a show cause order on March 27, 2023. (Docs. 6, 7.) Respondent filed a response on April 17, 2023. (Doc. 7.) The court received Petitioner's traverse on May 11, 2023. (Doc. 8.) The petition is ripe to be addressed by the court.

## DISCUSSION

The FSA focuses on rehabilitation, reintegration, and sentence reduction. It requires the BOP to "provide incentives for prisoner participation in skills development programs." 34 U.S.C. § 60541(a)(1)(G). At the discretion of the BOP, such incentives may include "the maximum allowable period in a community confinement facility" and, other than a reduction in the prisoner's term of imprisonment, "such other incentives" as are considered appropriate. *Id.* § 60541(a)(2). It also potentially expands the release opportunities available to elderly prisoners:

> The Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders from a Bureau of Prisons facility and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced.
> . . .
> In carrying out a pilot program . . . the Attorney General may release some or all eligible elderly offenders from the Bureau of Prisons facility to home detention.

*Id.* § 60541(g)(1).

To be eligible, elderly offenders must, (1) be "not less than 60 years of age"; (2) not have a conviction for a crime of violence or sex offense; (3) have "served 2/3 of the term of imprisonment to which the offender was sentenced"; (4) "not escaped, or attempted to escape, from a Bureau of Prisons institution"; (5) save the BOP money through his home detention; and (6) receive a determination by the BOP that he will "be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention." 34 U.S.C. § 60541(g)(5)(A)(iii).

Petitioner asserts that the BOP has determined that his prior juvenile offense is a crime of violence making him ineligible for the home detention. (Doc. 1.) However, the court will not address the merits of his petition because he has failed to exhaust his administrative remedies.

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters

3

administrative autonomy." *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice."  *See id*. at 762.  Exhaustion is not required, however, if there is no opportunity to obtain adequate redress, if the issue presented only pertains to statutory construction, or if the prisoner makes an affirmative showing of futility.  *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

      The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement."  See 28 C.F.R. § 542.10(a).  First, an inmate should attempt informal resolution of the issue with the appropriate staff member.  *See id*. § 542.13(b).  If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred."  *See id*. § 542.14(a).  The Warden is to respond to the request within twenty (20) calendar days.  *See id*. § 542.18.  An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20

calendar days of the date the Warden signed the response." *See id*. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." *See id*.

In the petition, Petitioner states that administrative exhaustion is not required because it would be futile. (Doc. 1, pp. 3–4.) Respondent provided Petitioner's Administrative Remedy Generalized Retrieval showing that Petitioner has filed twenty-one requests for administrative remedies. (Doc. 7-1.) Specifically, the record demonstrates that Petitioner filed Remedy 1138642-F1 on October 26, 2022 requesting consideration as an elderly offender. (*Id*., pp. 23, 31.) This was denied on November 1, 2022. (*Id*., pp. 23, 30.) Petitioner appealed to the Regional Director on November 21, 2022. (*Id*., pp. 24, 29.) This appeal was denied on February 10, 2023, and no additional appeals were taken. (*Id*., pp. 24, 28.) Thus, the request for remedy was not exhausted.

Petitioner asserts in his traverse that he did exhaust his administrative remedies by filing Remedy 1146626-A1 seeking halfway house placement under the Second Chance Act and appealing the denial of that request for remedy through to the Central Office. (Doc. 8, pp. 4–5.) However, the instant petition specifically addresses the EOHDP under the FSA. (Doc. 1.) The court recognizes that the Second Chance Act included an elderly inmate piolet program, but it had different

5

criteria then the EOHDP, which Petitioner named in his petition, and was replaced by 34 U.S.C. § 60541 in 2017, which was further amended by the FSA in 2018. Specifically, the Second Chance Act required that the offender reach the age of at least 65, as compared to the age of at least 60 under the FSA.  42 U.S.C. § 17451(g)(1)(A)(i) (effective July 1, 2015 to August 31, 2017).  Petitioner is not yet 65 years of age.  (Doc. 7-1, p. 3.)  Therefore, he would not have been eligible under the Second Chance Act at the time he filed the request for administrative remedy.  Additionally, the Central Office Administrative Remedy Appeal 1146626-A1 does not seek to challenge his prior offense being categorized as a crime of violence.  (Doc. 8, p. 5.)  Considering the differences in criteria between the two programs, the fact that Petitioner was not eligible under the Second Chance Act, the fact that 34 U.S.C. § 60541 replaced the Second Chance Act, and the fact that Petitioner did not raise the issue of the prior offense in the appeal to the Central Office, the court finds that Petitioner's exhaustion of Remedy 1146626-A1 does not result in exhaustion of his administrative remedies on the issue before the court.  Thus, the petition will be denied.

## CONCLUSION

For the reasons set forth above, the court will dismiss the petition for writ of habeas corpus. A separate order will be issued.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: July 28, 2023